```
                                              CLERK'S OFFICE U.S. DISTRICT COURT
                                                   AT ROANOKE VA. - FILED

                                                       DEC 03 2009

                                              BY: JOHN F. CORCORAN, CLERK
                                                     /s/ DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:07cr00045 |
| | ) | |
| | ) | **2255 MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Samuel G. Wilson |
| WILLIAM GILBERT SPENCE, JR. | ) | United States District Judge |

This is a motion pursuant to 28 U.S.C. § 2255 by William Gilbert Spence, Jr., proceeding *pro se*, claiming that his counsel rendered ineffective assistance at sentencing following his guilty plea to conspiracy to distribute 500 grams or more of cocaine. Spence claims that his counsel was ineffective in failing to challenge the use of a conviction that he claims is more than 10 years old in determining his criminal history category and in failing to challenge the quantity of drugs attributed to him in computing his offense level. The United States has moved to dismiss, claiming that Spence's guilty plea was knowing and voluntary, and that he waived his right to collaterally attack his plea and sentence. Alternatively, the United States has moved to dismiss on the ground that his claims lack merit. The court grants the United States' motion to dismiss on this alternative ground.[1]

I.

The United States charged Spence, Ritchie Hansford Conner, and five Hispanic males,

---

[1] Under one provision of Spence's plea agreement, Spence expressly waived his right to collaterally attack his conviction and sentence "except upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known [by Spence] at the time of [Spence's] guilty plea." (Plea agreement at ¶ 8.) Under another provision of the plea agreement, Spence waived any claim "for ineffective assistance of counsel known and not raised by [Spence] with the court at the time of sentencing." (Plea agreement at ¶ 16.) The Court reaches the merits of Spence's ineffective assistance claims because they arose after the entry of his plea and are expressly excepted from his collateral attack waiver. The Court finds it unnecessary to determine the effect of the other waiver.

including Florentino Bautista-Martinez and Luis Antonio Bustos-Ramirez, with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine and five kilograms or more of a mixture or substance containing a detectable amount of cocaine. On April 16, 2008, Spence pled guilty pursuant to a written plea agreement to a lesser included offense: conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1)(B).

The government gave a fairly detailed factual summary in support of the plea. According to that summary, Conner was essentially the head of the conspiracy, and Spence acted as a broker or middleman between Conner and Spence's source of supply, who were all identified as Hispanic males. Conner, who was arrested before Spence, cooperated and placed recorded calls to Spence to arrange for a drug transaction to take place at Spence's residence. On September 11, 2007, Bautista-Martinez and Bustos-Ramirez arrived with the cocaine at that residence, which the police had under surveillance. Conner signaled the police, the police entered, and there they encountered Spence, Bautista-Martinez, and Bustos Ramirez and found 446.5 grams of cocaine in Ziploc baggies in plain view on the kitchen table. They were advised of their rights, and each indicated a willingness to speak about the matter and cooperate.

Spence confirmed that he had been the middleman between Conner and Conner's source of supply, the Hispanic males. According to Spence, on this particular occasion, Bautista-Martinez wanted $13,000 for the cocaine. Spence described three earlier transactions having a combined total weight of 1,576 grams. According to the summary, Conner stated that he started purchasing cocaine from Spence in early 2005 and that the quantities increased and the total weight Conner purchased through Spence from Bautista-Martinez "and other Hispanic males

eventually totaled 5.2 kilograms." (Tr. 4/16/08 at 27.)

Before accepting Spence's plea, the court asked Spence if he had heard anything in the summary of the facts with which he disagreed. Spence responded that Conner had overstated the quantity of drugs he was obtaining through Spence. The court accepted Spence's plea, ordered a presentence report, and set the matter for sentencing. The presentence report attributed 3.62 kilograms to Spence (rather than the 5.2 kilograms Conner had said Spence had supplied). In the words of that report:

> According to sources involved in the conspiracy, Spence distributed one pound quantities of cocaine on three occasions and a half pound quantities of cocaine on 10 occasions. As charged in the indictment, Spence distributed 446.5 grams of cocaine on September 11, 2007. Conservatively, this would result in Spence being held accountable for 3.62 kilograms of grams of cocaine powder.

(Presentence report ¶ 28.) This created a base offense level of 30 pursuant to United States Sentencing Guideline (U.S.S.G.) § 2D 1.1(c)(5), which was reduced three levels for acceptance of responsibility. The report also determined that, based on four criminal history points, Spence had a criminal history category of III. This produced a guideline range of 87 to 108 months. Spence did not challenge the guideline calculation. However, the Assistant United States Attorney called Spence's considerable cooperation to the court's attention and moved for a downward departure based upon Spence's substantial assistance. The court announced that it was going to grant that motion and, before pronouncing sentence, asked Spence if there was anything he wanted to say. He indicated that he had nothing to say, and the court departed downward, sentencing Spence to 72 months incarceration and four years of supervised release.

Nearly two weeks later Spence wrote the court, essentially complaining that his attorney told him at sentencing not to contest the drug weight because the government would recommend

and the court would sentence him to 37 months, and he enclosed a copy of a letter to his counsel complaining that if he had known he would not receive "the 5K1.1 substantial assistance," "[h]e would have [indicated] that [he] was not responsible for the large amount of cocaine as stated by Mr. Conner." He also complained that he was improperly assessed two criminal history points for an offense, which placed him in a higher criminal history category and thereby produced a higher guideline range. Just short of one year from the date of his sentencing, Spence filed this § 2255 motion alleging that he received ineffective assistance on both of these grounds. Spence essentially claims he did not raise these matters with the court at sentencing when the court asked him whether he had anything further to say because he had yet to discover them. (See Spence's Reply, Nov. 6, 2009.)[2]

## II.

Spence maintains that he received ineffective assistance of counsel because his attorney failed to object to two criminal history points that were assessed for a 1997 failure to appear conviction in the Juvenile and Domestic Relations Court of Shenandoah County, Virginia, which improperly placed him in a higher criminal history category and produced a higher guideline range. The Court finds that the court properly assessed the points and that Spence's counsel did not perform deficiently in failing to object to the use of the 1997 conviction in determining Spence's criminal history category.

To demonstrate ineffective assistance of counsel, a petitioner must first show that his

---

[2] This, of course, cannot be true as to his claim that his counsel told him that the United States would recommend to the court that he receive 37 months, because the court had already heard from the government before it asked Spence whether he had anything further to say before it pronounced sentence.

4

counsel performed deficiently, that is, that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); see also Williams v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Strickland, 466 U.S. at 689; see also Fields v. Atty. Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977). In addition to proving that his counsel performed deficiently, a petitioner asserting ineffective assistance must prove that he suffered prejudice as a result of his counsel's deficient performance. To show prejudice he must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.

Spence complains that the court should not have assessed points for the 1997 conviction because it was not within 10 years of the conspiracy and that his counsel, therefore, rendered ineffective assistance when he failed to object. The Court, however, rejects Spence's premise that the court should not have assessed points for the conviction. Pursuant to U.S.S.G. § 4A1.1(e)(2) points are assessed for a "prior sentence that was imposed within 10 years of the defendant's commencement of the instant offense . . . ." According to the presentence report, on February 5, 1998, the Juvenile and Domestic Relations Court revoked a suspended sentence it had imposed earlier for the 1997 conviction and sentenced Spence to 78 days in jail. (Presentence report at ¶ 51.) The indictment alleges that the conspiracy began in 2005 and continued until the return of the indictment, and law-enforcement officials arrested Spence at his home on September 11, 2007, while he was in possession of nearly a pound of cocaine in

5

furtherance of that conspiracy. Consequently, the prior sentence was imposed within 10 years of Spence's commencement of the instant offense. Therefore, his counsel did not perform deficiently in failing to object, and the Court rejects this effective assistance claim.

## III.

Spence also maintains that his counsel rendered ineffective assistance in failing to object to the quantity of cocaine attributed to him. The Court finds that Spence has failed to show prejudice, and dismisses the claim.

According to the presentence report, and the recitation of facts in support of Spence's plea, Conner admitted to distributing more than 5 kilograms of cocaine (and an even larger quantity of methamphetamine), and Conner reported, and Spence confirmed, that Spence served as Conner's middleman for Conner's cocaine supply. The presentence report concluded that "conservatively," Spence is "accountable for 3.62 kilograms of cocaine powder." (Presentence report at ¶ 28.) However, Spence claims that he should have been held accountable for a least 500 grams but not more than 2 kilograms of cocaine.[3] He offers absolutely nothing to support the range he selects and no insight or calculation showing how he arrived at it, but instead seeks to engage in discovery to support it. Moreover, given the quantity involved in the single transaction that occurred on September 11, 2007 (446.5 grams), and his considerable involvement in numerous other transactions, it appears to be a deliberate underestimate.

In short, Spence has the burden of proving that there is a reasonable probability that but

---

[3] Although the court was on notice from Spence's plea that he contested the 5 kilograms mentioned in the factual summary in support of the plea (which would have resulted in a base offense level of 32 under U.S.S.G. § 2D1.1 (4) rather than 30 under § 2D1.1), because no objection was filed to the lesser amount attributed to Spence by the presentence report, the court assumed the matter had been resolved to Spence's satisfaction.

for counsel's alleged unprofessional errors the outcome of the proceeding would have been different, and he has suggested nothing to meet that burden. Indeed, irrespective of additional amounts that may have passed through Spence's hands or that Spence may have specifically brokered, the entire 5 kilogram quantity obtained by Conner from Spence's "Hispanic" sources are attributable to Spence because they are "reasonably foreseeable quantities within the scope of the criminal activity he jointly undertook." United States v. Jones, 523 F.3d 31, 41 (1st Cir. 2008) ("[I]n determining drug quantity for purposes of calculating a defendant's base offense level under the guidelines, the sentencing court may attribute to the defendant 'all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.'") (quoting U.S.S.G. § 1B1.3 cmt. n. 2 (ii)).[4] Consequently, he has not shown a reasonable probability that the court would have sustained an objection to the quantity of cocaine attributed to him, had an objection been made.

But that is not the only hurdle he has failed to clear. He must also demonstrate that he was actually prejudiced, that the outcome of the proceeding would have been different – that the court would have sentenced him to a shorter period of incarceration. And, once again, he has not demonstrated a reasonable probability of a different outcome. Even if Spence could establish a lesser quantity, the court considered Spence to be a linchpin to Conner's operation and the second most culpable member of the conspiracy, and the court had already sentenced a

---

[4] Application Note 2 to U.S.S.G. § 1B1.3 provides in pertinent part:
> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.

significantly less essential member of the conspiracy to 60 months. Therefore, the court finds it implausible that it would have sentenced Spence in a materially different way, even considering his substantial assistance. Therefore, Spence has failed to show prejudice as <u>Strickland</u> requires, and the court will dismiss the claim.[5]

## IV.

In accordance with the foregoing, the Court will grant the United States' motion to dismiss Spence's § 2255 motion.

**Enter:** This 3d day of December, 2009.

UNITED STATES DISTRICT JUDGE

---

[5] The Government argues that Spence has also failed to show that his counsel performed deficiently. According to the government "[t]he evidence that Spence was responsible for 3.62 kilograms was enough such that Smith was reasonable in assuming that the cost of disputing the weight with United States was not worth its speculative benefits." (Government's motion to dismiss at 7.) The government might be correct in underscoring the downside of an unsuccessful motion, given that the presentence report and the single transaction on September 11, 2007, point to a larger quantity than Spence concedes even without regard to relevant conduct.